IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOE MILLS,

    Plaintiff,

vs.                                                                                          1:04-CV-401-SPM/AK

MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

## ORDER DENYING EAJA ATTORNEY FEES

THIS CAUSE comes before the Court upon Plaintiff's Application for Attorney's Fees (doc. 34) and the Government's response in opposition (doc. 40). Plaintiff seeks $8,098.46 in attorneys fees pursuant to 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). In its response, the Government requests that this Court either deny the request for attorneys fees or in the alternative, reduce the award. The Government argues that it's position is substantially justified and that this provides an exception to the statutory award of attorney's fees to the prevailing party.

The text of the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., unless the court finds that the position of the United

States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  "[T]o be substantially justified, the United States' position must have a 'reasonable basis both in law and fact.'" Jean v. Nelson, 863 F.2d 759, 767 (11th Cir. 1988) (citing Pierce v. Underwood, 487 U.S. 552, 565 (1988)) (other citations omitted). That is, "justified to a degree that could satisfy a reasonable person."  Pierce, 487 U.S. at 565 (other citations omitted). The burden of demonstrating that its position was substantially justified falls on the government.  Scarborough v. Principi, 541 U.S. 401, 414 (2004) (citations omitted).  To determine whether the government's position was substantially justified, this Court must consider the following factors, or guideposts: "(1) the state at which the litigation was resolved; (2) views expressed by other courts on the merits; (3) the legal merits of the government's position; (4) the clarity of the governing law; (5) the foreseeable length and complexity of the litigation; and (6) the consistency of the government's position." United States v. Pease, 137 Fed. Appx. 220, 225 (11th Cir. 2005) (citing Jean, 863 F.2d at 767).

After applying those factors, this Court finds that the Government met its burden of showing that its position was indeed substantially justified.  It is true that Plaintiff was the prevailing party in this case.  However, "no presumption arises that merely because the government loses a case its position was not 'substantially justified.'" Miles v. Bowen, 632 F. Supp. 282, 285 (M.D. Ala. 1986). This case went through the full administrative process, with a final

recommendation being made on the merits of the case by the Magistrate Judge of this Court.  Both this Court and the Magistrate Judge concluded that the Government's determinations were "supported by substantial evidence."  After those decisions, the case was appealed to the Eleventh Circuit and another decision was made on the merits.  Though the Eleventh Circuit reversed and remanded the case to the Commission, the basis of the decision was a void of evidence in the record.  Specifically, the Court instructed the Administrative Law Judge's ("ALJ") to clearly articulate the reasons for the differing amount of weight that he gave to the evidence provided by each doctor. The substance of the evidence offered by the physicians was not challenged; the weight that the Commission had given to the evidence was.

The legal merits of the Government's position are valid.  Both this Court and the Magistrate Judge found that the ALJ's decision was "free from legal error."  The ALJ's findings and the Government's judicial arguments were thorough and contained relevant, persuasive, and binding legal opinions from the Eleventh Circuit.  This governing law was clear and properly analyzed by the Government in their brief before this Court and before the Eleventh Circuit.  This Court finds that the Government's position has remained consistent throughout these proceedings.  The arguments raised before the ALJ in the initial proceeding were the same arguments raised on appeal to the Eleventh Circuit.  Overall, the Government's position throughout this case has a basis in both law

3

and fact that could satisfy a reasonable person.  Therefore, when looking at the totality of the evidence and the facts in this case, this Court concludes that the Government's position is substantially justified and the Plaintiff is not entitled to an award of attorneys fees under the EAJA.  Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's motion for attorney fees (doc. 34) is hereby *denied*.

DONE AND ORDERED this twenty-fourth day of July, 2008.


*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge